IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| APRIL K.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 22 C 2810 |
| v. ) | |
| ) | Magistrate Judge Laura K. McNally |
| LEE DUDEK, ) | |
| Acting Commissioner of ) | |
| Social Security,[2] ) | |
| ) | |
| Defendant. ) | |

## ORDER[3]

Before the Court is Plaintiff April K.'s motion in support of summary judgment, asking the Court to remand the Administrative Law Judge's ("ALJ") decision denying her applications for disability benefits (Dkt. 12: Pl. Mot. for Summ. J; Dkt. 13: Mem. in

---

[1] The Court in this order is referring to Plaintiff by her first name and first initial of her last name in compliance with Internal Operating Procedure No. 22 of this Court.

[2] The Court substitutes Lee Dudek for his predecessor, Michelle A. King, as the proper defendant in this action pursuant to Federal Rule of Civil Procedure 25(d) (a public officer's successor is automatically substituted as a party).

[3] On July 8, 2022, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was reassigned to the magistrate judge for all proceedings, including entry of final judgment. (Dkt. 9.)

Support of Summ. J., "Pl. Mem.") and Defendant's brief in support of summary judgment (Dkt. 16: Def. Mem. in Support of Summ. J.: "Resp.").

I. **Procedural History**

On August 17, 2015, Plaintiff fell after slipping on a puddle of water in the school where she was working as a teacher's aide. She subsequently filed a claim for workers compensation benefits and underwent a number of medical examinations in connection with that application. Plaintiff then applied for disability insurance benefits ("DIB") on October 23, 2017, alleging disability beginning on the day she fell, August 17, 2015. (R. 205-211.) Her date last insured was March 31, 2021. (R. 1968.) After a hearing, the ALJ first denied Plaintiff's claim for benefits in April 2019 and Plaintiff appealed. (R. 2026, 2050.) The Commissioner subsequently agreed to remand the case and the district court entered an order remanding for further administrative proceedings. (R. 2052.) Thereafter, the Appeals Council issued an order directing the ALJ to further evaluate Plaintiff's subjective symptoms pursuant to 20 CFR 404.1529 and further and more fully evaluate the medical opinions of David Fardon, M.D., David Pleva, P.T., and Jay Levin, M.D. (R. 2062-67.)

The ALJ held a second hearing on January 11, 2022, at which Plaintiff (who was represented by counsel), and a vocational expert ("VE") testified. (R. 1993.) On January 27, 2022, the ALJ issued a decision finding Plaintiff not disabled, and she subsequently

appealed. After considering the parties' briefs and evidence, the Court grants Plaintiff's motion for remand, and denies the Commissioner's motion to affirm.

## II. ALJ Decision

The ALJ applied the Social Security Administration's ("SSA") five-step sequential evaluation process to Plaintiff's claims. At Step One, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since her alleged onset date through her date last insured of March 31, 2021 (R. 1970.) At Step Two, the ALJ determined that Plaintiff had the severe impairments of spine disorders and obesity (*Id.*) She determined that Plaintiff's other medically determinable impairments, including diabetes, hyperlipidemia, hypertension, thyroid disorder, and gastroesophageal reflux disease no more than minimally limited Plaintiff's ability to perform work activity and therefore were nonsevere. (*Id.*)

At Step Three, the ALJ found that none of Plaintiff's impairments met a Listing. (R. 1971.) Before Step Four, the ALJ determined that prior to her date last insured, Plaintiff had the residual functional capacity to perform light work except she could have frequently climbed ramps and stairs and could have occasionally stooped, knelt, crouched, crawled, and climbed ropes, ladders, and scaffolds. (R. 1972.) Further, the ALJ found that Plaintiff could have frequently handled, fingered, pushed, and pulled with the bilateral upper extremities and should not have worked on slippery surfaces or uneven ground. (*Id.*)

As part of her residual functional capacity determination, the ALJ evaluated 22 opinions from nine different medical professionals, including opinions by the three doctors identified by the Appeals Council for additional consideration (Drs. Fardon, Pleva, and Levin). (R. 1978-81.) The ALJ ultimately rejected the opinions from Drs. Fardon, Mallidi, Lopez, Zindrick, Long, and Pleva for various reasons that are not relevant to our determination. (R. 1978-81.) The ALJ found Dr. Levin's opinion somewhat persuasive.

The ALJ determined that the opinions of non-examining state agency doctors Calixto Aquino, M.D., and James Madison, M.D. were persuasive, well-supported, and consistent with the medical evidence at the time each one was made. (R. 1980.) Specifically, Dr. Aquino opined in January 2018 that Plaintiff could perform light work with frequent climbing of ramps and stairs and occasional stooping, kneeling, crouching, crawling and climbing ladders, ropes and scaffolds. (*Id.*) Dr. Madison concurred with this opinion in May 2018. Based on additional evidence that post-dated these opinions, the ALJ added to the residual functional capacity limitations that Plaintiff could have frequently handled, fingered, pushed, and pulled with her bilateral upper extremities and could not have worked on slippery surfaces or uneven impairments. (*Id.*)

At Step Four the ALJ found that through her date last insured, Plaintiff was able to perform her previous work as a Teacher Aide II (R. 1983.) Therefore, the ALJ did not reach Step Five and found that Plaintiff was not disabled. (*Id.*)

### III. Legal Standard

Under the Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a).

The Court does not "merely rubber stamp the ALJ's decision on judicial review." *Prill v. Kijakazi*, 23 F.4th 738, 746 (7th Cir. 2022) An ALJ's decision will be affirmed if it is supported by "substantial evidence," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). "All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us,

5

as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id*. at 1054.

The Seventh Circuit added that "[a]t times, we have put this in the shorthand terms of saying an ALJ needs to provide a 'logical bridge from the evidence to his conclusion.'" *Id*. (citation omitted). The Seventh Circuit further has clarified that district courts, on review of ALJ decisions in Social Security appeals, are subject to a similar minimal articulation requirement: "A district (or magistrate) judge need only supply the parties . . . with enough information to follow the material reasoning underpinning a decision." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024). The district court's review of the ALJ's opinion "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute its judgment for the ALJ's determination." *Chavez v. O'Malley*, 96 F.4th 1016, 1021 (7th Cir. 2024) (internal quotations omitted).

**IV.   Analysis**

Plaintiff makes two arguments in support of remand: (1) the ALJ erred in her evaluation of the medical opinions, and (2) the ALJ erred in evaluating Plaintiff's subjective symptoms. (Pl. Mem. at 6.) After reviewing the evidence and considering the parties' briefs, the Court agrees that the ALJ erred in her consideration of the opinion

6

evidence, specifically the opinions of Dr. Levin, and thus, remand is necessary.[4]

### A. The Appeals Council Order

Plaintiff's appeal focuses on the how the ALJ evaluated a number of the medical opinions, including those of Dr. Levin, one of the three doctors whose opinions were highlighted by the Appeals Council for re-evaluation. An ALJ's failure to follow the directive of the Appeals Council on remand is not an independent basis to overturn the new decision, as long as that decision is supported by substantial evidence. *Poyck v. Astrue*, 414 Fed. App'x 859, 861 (7th Cir. 2011) ("The question of whether the ALJ complied with the Appeals Council's remand order is not . . . of independent importance. The only question properly before us is whether the ALJ's decision . . . is supported by substantial evidence.") In this case, the Court finds that in reevaluating Dr. Levin's opinions (as required by the Appeals Council), the ALJ failed to independently meet the standard for substantial evidence.

As relevant to the Court's decision here, the Appeals Council wrote:

> [T]he Administrative Law Judge found the medical opinion from Jay Levin, M.D., as "somewhat persuasive." (Decision at 13). However, the Administrative Law Judge did not address the fact that Dr. Levin's opinion was limited to the residual effects from the claimant's August 2015 work injury, rather than addressing the claimant's work capacity generally (See Ex. 24F/15-17). As such, remand is warranted for further evaluation of the medical opinions.

(R. 2065.)

---

[4] Because the Court is remanding based on errors related to the medical opinions, it will not reach Plaintiff's additional argument about the ALJ's subjective symptom analysis.

The Appeals Council additionally ordered that the ALJ should "give further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations (Social Security Ruling 96-8p)." In doing so, and with respect to the medical opinions, the Appeals Council noted that the ALJ "may request the medical sources provide additional evidence and/or further clarification of the opinions." (R. 2065.)

### B. Dr. Levin's Opinions

Dr. Levin is an orthopedist who performed two independent medical examinations on Plaintiff's thoracic and lumbar spine related to her August 2015 fall and subsequent claim for workers' compensation. (R. 1096-1103, 2967-81.) He performed the first examination on April 17, 2017 and the second on November 30, 2021. (*Id.*) After each examination, Dr. Levin reviewed Plaintiff's medical records and imaging results from contemporaneous MRIs. (R. 1143-58, 2967-80.) He then offered medical opinions on May 5, 2017 and December 7, 2021. (*Id.*)

In his May 2017 opinion, Dr. Levin opined that Plaintiff had reached maximum medical improvement "[a]s it relates to the occurrence of August 17, 2015 referable to the thoracic and lumbar spine." (R. 1158.) The doctor also stated that Plaintiff could work in a "full duty unrestricted capacity." (*Id.*) He offered to provide an "impairment rating based upon the Sixth Edition AMA Guidelines regarding the condition of the

8

examinee on this date," but there is no record reflecting that Dr. Levin ever provided such an assessment. (*Id.*)

Dr. Levin's December 2021 opinion reviewed Plaintiff's treatment records through April 2019 as well as MRI results from November 2021. (R. 2978.) He began by opining that the "nature and extent of petitioner's current condition of ill-being" resulted from a pre-existing herniated disc in her lumbar and sacral spine which was exacerbated by Plaintiff's injury on August 17, 2015. (R. 2979.) Dr. Levin further opined that Plaintiff's current condition was unrelated to the August 2015 occurrence and specified throughout the remainder of his opinion that his assessment related solely to Plaintiff's August 2015 injury.[5] He wrote that ultimately, Plaintiff "may work in a full duty unrestricted capacity as it relates her thoracic spine and lumbar spine diagnoses from the August 17, 2015 occurrence." (R. 2979.)

### C. The ALJ's Consideration of Dr. Levin's Opinions is Not Supported by Substantial Evidence.

The ALJ found Dr. Levin's opinion "somewhat persuasive." (R. 1980.) Plaintiff points out that this is the same weight the ALJ gave in her first opinion despite being

---

[5] Dr. Levin explained the apparent inconsistency between his opinion that Plaintiff's current condition resulted from both her herniated disc and her fall and his later statement that her current condition was unrelated to her fall. He wrote that "the examinee's thoracic spine symptoms should have resolved between 0- and 4-weeks post injury and regarding her lumbar spine symptoms between 0- and 6-weeks post injury." (R. 2979.) The Court interprets this statement as meaning that from a workers' compensation standpoint, the acute injuries Plaintiff experienced from her 2015 fall were not causing her any functional limitations in December 2021.

9

specifically instructed as to its deficits. The Court agrees that the ALJ's evaluation of Dr. Levin's opinion was faulty.

In assessing Dr. Levin's opinion, the ALJ wrote that she noted that "Dr. Levin's opinion was limited to the residual effects from the claimant's August 2015 work injury, rather than addressing the claimant's work capacity generally." (*Id.*) Thus, explained the ALJ, "the evidence received at the hearing level shows that the claimant is more limited than Dr. Levin opined. The undersigned finds that the claimant did have additional limitations at the light exertional level of frequent climbing ramps and stairs." (*Id.*)[6]

The ALJ made a number of mistakes in her evaluation of Dr. Levin's opinions. As an initial matter, the Court is wholly unable to determine whether the ALJ considered both of Dr. Levin's opinions or only the 2017 one. In fact, the ALJ's discussion suggests that she completely ignored Dr. Levin's December 2021 opinion in her analysis. Specifically, the ALJ stated that "[o]n on May 5, 2017, Jay Levin, M.D., performed an independent medical examination of the claimant along with reviewing several of the claimant's medical records since her date of injury on August 17, 2015." (R. 1980). The ALJ cited the exhibit numbers for both the 2017 and 2021 examinations and assessments, but she did not acknowledge that those exhibits referred to two

---

[6] The ALJ described additional limitations she added to the residual functional capacity that were not included in Dr. Levin's opinion and that are not relevant here.

10

separate opinions by Dr. Levin. (*Id.* citing Exhibits 21F, 24F/2-17, which relate to the 2017 opinion; and Exhibit 34F/204-219, which relates to the 2021 opinion.) Other than the passing citation to the exhibit, the ALJ did not acknowledge the 2021 opinion at all.

The Court's uncertainty about whether and how the ALJ considered Dr. Levin's second opinion makes it impossible to evaluate whether the ALJ's weighing the opinion(s) as "somewhat persuasive" is supported by substantial evidence. Each opinion rests on different medical evidence and make different conclusions. The Court has no way to know which of the opinions were "somewhat persuasive" or why. Moreover, Defendant contends that the ALJ properly weighed and considered all of the medical opinions before determining Plaintiff's residual functional capacity. The Court finds that the ALJ decision does not support Defendant's conclusion.[7]

Even if the Court were to assume that the ALJ considered both of Dr. Levin's opinions, she made an additional error. In describing Dr. Levin's opinion(s), the ALJ wrote that "Dr. Levin opined that the claimant could work a full duty unrestricted capacity as it relates to her lumbar and thoracic spine at the light exertion level." As noted above, nowhere in either of his opinions did Dr. Levin opine the Plaintiff could

---

[7] The Court acknowledges that in her second decision, the ALJ relied on non-opinion evidence post-dating her first decision. The Court makes no determination whether the additional evidence—which consists mostly of examination results by Plaintiff's pain doctor Goran Tubic, M.D. and a few from her primary care doctor, Thomas Malilidi, M.D.—would constitute substantial evidence if not for the ALJ's errors with respect to Dr. Levin. Without Dr. Levin's second opinion, however, the latest medical opinion in the record is from May 2018.

11

work at the light exertional level. At most, Dr. Levin opined that from a workers compensation standpoint, Plaintiff had no further limitations stemming from her August 2015 fall. To the extent the ALJ relied on Dr. Levin's opinion(s) to support the light residual functional capacity, the Court is unable to trace the ALJ's reasoning. Indeed, Dr. Levin himself acknowledged the limitations in his opinions by offering to provide a more complete evaluation of Plaintiff's current functioning and by explaining that Plaintiff's current "ill condition" stemmed from spine impairments that are separate from her 2015 injury. In short, the ALJ made too many mistakes in her treatment of Dr. Levin's opinions for the Court to confidently conclude that she properly evaluated them as part of her determination of Plaintiff's residual functional capacity. Therefore, it must remand the case.

## CONCLUSION

For the reasons explained above, the Court grants Plaintiff's motion for summary judgment (Dkt. 12) and denies Defendant's motion. (Dkt. 16.)

**SO ORDERED.**

                                              **ENTER:**

                                              _/s/ Laura K. McNally_

                                              **LAURA K. MCNALLY**
                                              **United States Magistrate Judge**

**DATED: February 24, 2025**

13